UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

THI THU THUY HUYNH,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

Defendant.

NO. C16-1755-JPD

ORDER

This matter comes before the Court on Plaintiff's motion for reconsideration. Dkt. 19. The Commissioner filed a response at the Court's direction. Dkt. 21. For the reasons explained herein, the Court DENIES Plaintiff's motion.

Motions for reconsideration are disfavored under the local rules. *See* LCR (W.D. Wash.) 7(h)(1). The local rules indicate that motions for reconsideration should be denied unless the moving party establishes manifest error in a prior ruling, or new facts or authority that could not have been brought to the court's attention earlier. *Id*.

Plaintiff has not made this showing here. Plaintiff argues that the Court erred in finding that the ALJ's errors should be remedied by a remand for further proceedings, rather than a remand for a finding of disability. Dkt. 19. The Court has discretion to determine the appropriate remedy, however, and explained why it exercised that discretion to remand for

ORDER - 1

further proceedings, under the circumstances of this case. *See* Dkt. 17 at 9-11. Plaintiff has not shown that the Court abused its discretion or that the Court's decision contains any error.

Although Plaintiff contends that an unchallenged credibility finding should never preclude a remand for a finding of benefits if medical opinions alone establish disability and are credited as true (Dkt. 19 at 4-5), these predicates are not present here: the Court did not credit any opinions as true, or hold that an unchallenged credibility finding always precludes a finding of disability. Instead, the Court properly focused on the specific circumstances of this case. The unchallenged credibility finding is particularly relevant here, where the challenged opinions necessarily depended on Plaintiff's description of symptoms.

The conflicts in the record suggest that further proceedings would be useful, although the Court is appalled that the claimant must be subjected to yet another hearing in this matter. The protracted proceedings that have already occurred to date make this a close case, and the ALJ is directed to be especially mindful of the relevant legal obligations in managing the proceedings on remand. Nonetheless, the Court emphasizes that a "claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Because Plaintiff has not shown that the Court's prior order contains a manifest error, the motion for reconsideration (Dkt. 19) is DENIED.

DATED this 11th day of August, 2017.

James P. Donohue
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER - 2